IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Leslie Centell Hunt, Jr., | ) C/A No. 2:14-1973-BHH-WWD |
| | ) |
|                 Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Warden of Kershaw Correctional Institution, | ) |
| | ) |
|                 Respondent. | ) |
| _____ | ) |

Petitioner Leslie Centell Hunt, Jr. ("Petitioner" or "Hunt"), a self-represented state prisoner housed in the Kershaw Correctional Institution of the South Carolina Department of Corrections, in Kershaw, South Carolina, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening. Petitioner alleges he is serving a twelve-year sentence for convictions of breaking and entering, grand larceny, larceny, indecent exposure, and several counts of first degree burglary. (See Dkt. No. 1-2 at 1 of 16.)

Having reviewed the instant Petition and applicable law, the Court finds that this § 2254 Petition should be summarily dismissed.

## PRO SE HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: Denton

v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  This Court is required to construe pro se petitions liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Such pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791-92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true.  Hughes, 449 U.S. at 10 (citing Cruz v. Beto, 405 U.S. 319, 322 (1972)). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).  Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v.

2

Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner appears to be challenging the same convictions he attempted to challenge in his previous case, Hunt v. McCabe, Civ. A. No. 2:13-cv-2881-JFA. Based on the filings in that case, it appears Petitioner pled guilty to various charges on February 15, 2012. (See Dkt. No. 17 in Civ. A. No. 2:13-cv-2881-JFA.) Petitioner did file an application for post-conviction relief in the Court of Common Pleas of Sumter County on February 8, 2013. See Hunt v. South Carolina, C/A No. 2013-CP-43-00218. He did not, however, seek appellate review of the state court's denial of his application for post-conviction relief ("PCR"). (See Dkt. No. 15.)

## DISCUSSION

The § 2254 Petition filed in this case should be dismissed because it plainly appears that Petitioner has not fully exhausted his state court remedies. With respect to his February 2012 Sumter County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. See 28 U.S.C. § 2254(b);[1] 28

---

[1] Section 2254 provides, in relevant part,
  (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the

3

U.S.C. § 2254(c); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (citing Braden).

The United States Court of Appeals for the Fourth Circuit, in Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997), held that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." Matthews, 105 F.3d at 911, overruled on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). "The burden of proving that a claim has been exhausted lies with the petitioner." Id. (citations omitted). This doctrine requires that, before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the

---

rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
28 U.S.C. § 2254(b)-(c).

state's highest court with appellate jurisdiction to consideration the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process before filing a habeas petition); Picard v. Connor, 404 U.S. 270, 275-76 (1971). Therefore, Petitioner must seek state appellate review of his PCR denial before he can be said to have exhausted his available state court remedies. Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170-73 & n.1 (4th Cir. 1977).

Review of a PCR denial is sought in state appellate courts by way of a petition for writ of certiorari as provided under Rule 243 of the South Carolina Appellate Court Rules ("SCACR") and S.C. Code § 17-27-100.[2] Such review must be sought and completed by a state prisoner or else federal collateral review (under either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the PCR application will be barred by a procedural default. See Whitley v. Bair, 802 F.2d 1487, 1500 n.27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852, 853-54 (4th Cir. 1984); Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).[3] Although

---

[2]After filing a petition for writ of certiorari in the South Carolina Supreme Court, the petition will, in many cases, be transferred for consideration to the South Carolina Court of Appeals pursuant to SCACR 243(l). If the case is transferred to the Court of Appeals, that case is the final step that Petitioner must take in order to fully exhaust his state court remedies under § 2254. See State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850 (2002); see also In re Exhaustion of State Remedies in Criminal & Post-Conviction Relief Cases, 321 S.C. 563, 471 S.E.2d 454 (1990). In McKennedy, the South Carolina Supreme Court specifically held that In re Exhaustion had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to O'Sullivan [v. Boerckel, 526 U.S. 838 (1999) ]." McKennedy, 559 S.E.2d at 854. Accordingly, a claim would not be procedurally barred from review in this Court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR petition.

[3]Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, or where the state has unconditionally waived exhaustion, further exhaustion is not required. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). However, the federal court is precluded from hearing a procedurally defaulted

5

the deadline for Petitioner to appeal the denial of his PCR application has passed, Petitioner still "has the right under the law of the State to raise . . . the question presented" here. See 28 U.S.C. § 2254(c). In Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991), the South Carolina Supreme Court held that "a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 337 S.C. 256, 259-60, 523 S.E.2d 753, 755 (1999) (citing Austin); see also King v. State, 308 S.C. 348, 417 S.E.2d 868 (1992) (explaining the appellate procedure in an Austin matter); Aice v. State, 305 S.C. 448, 452, 409 S.E.2d 392, 395 (1991) (every PCR applicant is entitled to "one bite at the apple," i.e. a full adjudication on the merits, which includes the right to appeal the denial of a PCR application and the right to assistance of counsel in the appeal).

The undersigned notes that in Ferguson v. State, 382 S.C. 615, 677 S.E.2d 600 (2009), the South Carolina Supreme Court held that if a PCR applicant demonstrates that his mental incompetence prevented a timely filing, then tolling of the PCR limitation period is warranted, while in White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974), the South Carolina Supreme Court held that, where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appeal rights, the applicant may petition the South Carolina Supreme Court for a belated appeal to review issues that could have been raised on direct appeal, to determine if there was reversible error. See White, 263 S.C. at

---

claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; see also Maples v. Thomas, 132 S. Ct. 912, 924 (2012); Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012); Bousley v. United States, 523 U.S. 614, 623 (1998); Schlup v. Delo, 513 U.S. 298, 327 (1995).

119, 208 S.E.2d at 39-40; SCACR 243(I). Thus, pursuant to well-settled South Carolina law, the state court corrective process is still available to Petitioner, and must be exhausted before Petitioner's claims can be heard in this Court. To seek a belated or new appeal of the denial of his PCR application, Petitioner should file a petition for writ of certiorari to the South Carolina Supreme Court.

## RECOMMENDATION

Because it is clear that Petitioner has viable state court remedies (appellate review of PCR belated appeal) which have not been fully utilized, this Court should not keep this case on its docket while Petitioner is exhausting his state remedies. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."). Therefore, the undersigned recommends that the instant § 2254 Petition be dismissed without prejudice and without requiring Respondent to file a return. It is further recommended that a certificate of appealability be denied.[4]

---

[4] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case sub judice, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

IT IS SO RECOMMENDED.

August  12 , 2014
Charleston, South Carolina

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  **Robin L. Blume, Clerk of Court**
>  **United States District Court**
>  **Post Office Box 835**
>  **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).